IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ERIC DAVID KELLER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-2243-CM |
| ) | |
| AT&T INC., ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

On January 12, 2016, pro se prisoner Eric David Keller sued defendant AT&T in the District Court of Douglas County, Kansas. On April 13, 2016, he filed a "notice of removal" in this federal court.[1] Simultaneously, he filed a motion to proceed with this action in forma pauperis (ECF doc. 3). As discussed below, the undersigned U.S. Magistrate Judge, James P. O'Hara, recommends that the motion be denied and this action be dismissed.

I.   Motion to Proceed In Forma Pauperis

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit [asserting] … the person is unable to pay such fees or give security therefor."[2] When the person seeking to proceed in forma pauperis is a prisoner, he

---

[1] ECF doc. 1.

[2] 28 U.S.C. § 1915(a)(1).

must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint."[3] This second submission requirement facilitates the court's assessment of partial filing fees based on the balance in, and average monthly deposits into, the prisoner's account, as required by 28 U.S.C. § 1915(b)(1). Plaintiff, who is a prisoner in the Douglas County Jail, has not submitted a copy of his trust fund account (or equivalent). Accordingly, the undersigned recommends that the presiding U.S. District Judge, Carlos Murguia, deny plaintiff's motion for leave to proceed in form pauperis.

II.     Screening under 28 U.S.C. § 1915(e)(2)

Even if plaintiff had submitted the proper documentation to permit the court to grant his motion for leave to proceed in form pauperis, the court would, and does, recommend dismissal of his case. 28 U.S.C. § 1915(e)(2) requires the court to screen plaintiff's case and dismiss the case if the court determines that it is legally frivolous. As noted above, plaintiff's case is before this court because plaintiff filed a notice of removal, citing 28 U.S.C. § 1446.[4] However, 28 U.S.C. § 1446 and its companion statute, 28 U.S.C. § 1441, only permit removal by defendants. The undersigned knows of no procedure that would permit a plaintiff to remove a case that he chose to file in state court to federal court. The undersigned therefore recommends that Judge Murguia dismiss this action.

---

[3] 28 U.S.C. § 1915(a)(2).

[4] ECF doc. 1.

III.   Notice to Plaintiff

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

The Clerk is directed to send a copy of this report and recommendation to plaintiff.

IT IS SO ORDERED.

Dated April 20, 2016, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge
